WRIGHT CHEVROLET COMPANY v. KENT.

Opinion delivered May 26, 1930.

*N. A. McDaniel,* for appellant.

*Brouse & Brouse,* for appellee.

McHANEY, J. Appellant sold appellee one Chevrolet coach automobile on July 2, 1928, to be delivered August 15, 1928, at a price of $719.75. Appellee on the same date delivered to appellant his second-hand car at a price of $125 to be applied on the purchase price of the new car which left a balance of $594.75 to be paid. The contract was in writing. It provided that the price of the new car was subject to change by the manufacturer, and that the price effective on the day of delivery would govern, but the purchaser had the right to cancel the order if the change in price was not satisfactory. The provision with reference to the trade allowance was as follows: "If my used car has been delivered to you, and this order is thereafter canceled, you will return said car

to me, and I will pay a reasonable charge for any storage of, or repairs to, said car during the period from delivery to notice of cancellation, and if you have sold the said car you will refund to me the amount actually received from said sale, less a selling commission of 15 per cent. and my expense incurred in storing, insuring, conditioning and advertising said car for sale.'' Another provision of the contract provided that if the appellee failed to take the car ordered (except for change in price as aforesaid) ''forfeits my deposit as liquidated damages for your expense and trouble, and permits you to otherwise dispose of the car without any liability to me whatsoever.''

Appellant sold the used car for $135, and appellee thereafter declined to take the new car and pay for it because he said he was not able to pay for it. He demanded of appellant the $135 for which his car was sold, less 15 per cent. commission, but appellant refused to pay, contending that appellee had forfeited that amount by virtue of the contract heretofore mentioned, and that the second-hand car, or the money for which it was sold, constituted a ''deposit'' within the meaning of the clause of the contract above quoted providing for forfeiture of the ''deposit'' in the event he refused to take the car except for the cause stated. Appellee thereupon sued appellant for the sale price of the second-hand car less the commission of 15 per cent. At the conclusion of the testimony the court directed a verdict for the appellee in the sum of $121.87 which was the amount sued for with interest, and this appeal followed.

Appellant contends that the second-hand car of the agreed value of $125 was a ''deposit'' within the meaning of the contract. We do not think so. The contract provided that the price of the new car should be diminished by the ''deposit'' and by the agreed value of the second-hand car. No deposit was made. The word ''deposit'' as used in the contract meant cash deposit. Since there was no deposit made, there was no forfeiture

by reason of appellee's failure to take the new automobile. It was not agreed that he should forfeit the second-hand car or its agreed value of $125. The contract was written by appellant on a form provided for the purpose, and will be construed most strictly against it. It would take a liberal construction of the contract in appellant's favor to hold that appellee forfeited his second-hand car or its value by refusing to take the new car. If appellant suffered any damages by the breach of the contract of sale and purchase, he might maintain an action against appellee to recover such damages as he actually sustained. The undisputed proof shows that appellant sold the car ordered for appellee to another for the same price, and could not therefore have been damaged. The judgment of the circuit court was correct, and is therefore affirmed.