SILBERNAGEL & COMPANY *v.* TALIAFERRO.

4-2713

Opinion delivered November 7, 1932.

*Reinberger & Reinberger,* for appellant.

*Harry T. Wooldridge* and *Frank F. Boone,* for appellee.

BUTLER, J. Silbernagel & Company, the appellant, is a wholesale grocery and furnishing concern with its prin-

cipal place of business in Pine Bluff. In 1930 it had a customer, H. B. Chambliss, to whom it had advanced money and merchandise, who owed a balance at the end of that year. Chambliss rented a farm from the appellees, Ed Taliaferro and J. H. Taliaferro, at the beginning of the year 1931, at an agreed rental of $1,200. Chambliss applied to the appellant to furnish supplies to make his crop, and the appellant declined to do so unless the landlords would waive the lien for rents. At that time the appellant prepared a written waiver and gave it to Chambliss to obtain the signature of the landlords. The landlords declined to sign because there was no limit fixed in the waiver as to the amount of indebtedness, and thereupon the appellant, acting through its agent, wrote an additional clause at the end of the waiver limiting the amount of the waiver to the sum of $3,000. The waiver was then returned to the landlords, who signed the same, and which in its entirety is as follows:

"In consideration of Silbernagel & Company, Pine Bluff, Arkansas, furnishing cash, merchandise, supplies, etc., to H. B. Chambliss, for purposes of making crop for the year 1931 on lands belonging to me in Lincoln County, Arkansas, and described herein, I herewith agree to waive to Silbernagel & Company any and all amounts that may be due me for rents from said lands for year 1931, until such time as Silbernagel & Company shall have been paid any and all amounts due them by said H. B. Chambliss. I further agree not to furnish said H. B. Chambliss any cash or supplies myself, and any advances so made shall likewise be waived to Silbernagel & Company. The lands mentioned herein are described as follows: (Here follows land description.)

"Signed.

"This agreement entered into with Silbernagel & Company, excepting that the amount waived by me shall in no event exceed the total sum of $3,000, and is limited by me to that amount.

"J. H. Taliaferro."

After a considerable part of the crops had been harvested and turned over to the appellant, the landlords brought this suit to recover rents due by Chambliss, alleging that the amount advanced to make the crop had been paid out of the cotton already appropriated, and that the appellees were entitled to the remainder as rent. and that the appellant was attempting to include an old indebtedness of Chambliss. The appellant answered, alleging that the waiver signed by the landlords was intended to, and did, include the indebtedness that Chambliss owed for the year 1930.

There is little, if any, dispute in the evidence. It tended to establish that the landlords and the appellant had never discussed the waiver, but that Chambliss had acted as the intermediary, and that neither he nor any one representing the appellant informed the landlords that Chambliss, at the time the waiver was signed, was indebted to the appellant for a balance on an old account. Witnesses for the appellant testified that it was the intention of the appellant and Chambliss that the waiver should extend, not only to the advances made for the year 1931, but to cover the balance for the year 1930, and that the balance for the year 1930 was covered and the inducement for appellant to furnish Chambliss supplies to make the crop of 1931. This understanding between Chambliss and the appellant, however, was never communicated to the landlords, and they did not know of any such understanding at the time they signed the waiver. They testified that they thought they were signing a waiver only as to the supplies advanced to make the crop of 1931, and that the sum of $3,000 named was for the purpose of limiting the advances of 1931 within that sum.

The chancellor found that the landlords, appellees, waived the rents only for the amounts furnished the tenant in 1931, and did not in fact waive any part of their rents for the past due account which Chambliss owed the appellant. He further found that, at the time of the rendition of the decree, there was a balance of $131.99 due the appellant for supplies for the year 1931 which it was

entitled to recover, and ordered the crops which had been taken charge of by a receiver to be sold and the proceeds first applied to the payment of the balance found to be due and the remainder applied to the payment of rents due the appellees.

We think a fair interpretation of the waiver in the light of the attendant circumstances fully justified the conclusion reached by the trial court. The language of the waiver discloses the purpose for which appellees signed the contract, and it is fairly to be inferred that, when they waived their rents for all amounts due by Chambliss and agreed not to furnish him anything themselves, they had in mind that the indebtedness referred to was that to be incurred for the purpose of making the crop for the year 1931, as that was the reason for which they were signing the waiver. The undisclosed intention of the appellant and Chambliss could not, and did not, bind the landlords. However, if the contract of waiver is ambiguous and calls for construction, we must construe it most strongly against the appellant, as the contract of waiver was prepared by it. *Leslie* v. *Bell*, 73 Ark. 338, 84 S. W. 491; *Wright Chevrolet Co.* v. *Kent*, 181 Ark. 923, 28 S. W. (2d) 700.

Affirmed.